UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
BENTON DIVISION

| | |
|---|---|
| Jacki Dent<br><br>    Plaintiff,<br><br>v.<br><br>Receivables Performance Management, LLC<br><br>    Defendant. | Case No. 3:14-cv-00973-SMY-DGW<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, THE TELEPHONE CONSUMER PROTECTION ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## PARTIES

1. Plaintiff, Jacki Dent, ("Jacki"), is a natural person who resided in Anna, Illinois, at all times relevant to this action.

2. Defendant, Receivables Performance Management, LLC, ("RPM"), is a Washington Limited Liability Company that maintained its principal place of business in Lynwood, Washington, at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq. and the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq.

4. Pursuant to 28 U.S.C. §1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

**STATEMENT OF FACTS**

5. RPM uses a predictive dialer system.

6. Before RPM began contacting Jacki, it and Jacki had no prior business relationship and Jacki had never provided express consent to RPM to be contacted on her cellular telephone.

7. RPM regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

8. The principal source of RPM's revenue is debt collection.

9. RPM is a "debt collector" as defined by 15 U.S.C. §1692a(6).

10. As described, *infra*, RPM contacted Jacki to collect a debt that was incurred primarily for personal, family, or household purposes.

11. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

12. Jacki is a "consumer" as defined by 15 U.S.C. §1692a(3).

13. On several occasions, the dates of which will be discovered through discovery, RPM willingly and knowingly used an automatic telephone dialing system to call Jacki on her cellular phone multiple times in violation of the TCPA. See *Mais v. Gulf Coast Collection Bureau, Inc.*, 2013 U.S. Dist. LEXIS 65603, *10 (S.D. Fla. 2013); See also *Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265 (3rd Cir. 2013).

14. Sometime in 2014, RPM began contacting Jacki on Jacki's cellular phone in connection with the collection of the debt.

15. RPM asked for a male unknown to Jacki.

16. On more than one occasion, Jacki told RPM that RPM contacted the wrong person.

17. On more than one occasion, Jacki requested RPM cease further calls to Jacki.

18. Despite these requests, RPM contacted Jacki on Jacki's cellular phone in connection with the collection of the debt on numerous occasions.

19. On at least one occasion, RPM told Jacki that RPM would remove Jacki's name from RPM's call list, which was a misrepresentation as evidenced by the fact that RPM continued to contact Jacki on Jacki's cellular phone in connection with the collection of the debt.

20. RPM attempted to collect a debt from Jacki.

21. RPM violated the FDCPA and the TCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

22. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

23. Defendant violated 15 U.S.C. §1692c(a)(1) by calling Plaintiff at a time or place known to be inconvenient for Plaintiff.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

24. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

25. Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

26. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

27. Defendant violated 15 U.S.C. §1692e by using false, deceptive, or misleading representations or means in connection with the collection of the debt.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

28. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

29. Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect the debt.

## COUNT FIVE

### Violations of the Telephone Consumer Protection Act

30. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

31. Defendant willingly and knowingly violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time calling Plaintiff's cellular telephone using both an automatic telephone dialing system without Plaintiff's prior express consent.

## JURY DEMAND

32. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

33. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. An order enjoining Defendant from placing further telephone calls to Plaintiff's cellular telephone number pursuant to 47 U.S.C. § 227(b)(3).

    c. Judgment against Defendant for statutory damages pursuant to 47 U.S.C. § 227(b)(3) for each and every call Defendant made in violation of the TCPA.

    d. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,


By:  /s/ Jeffrey S. Hyslip
    Jeffrey S. Hyslip
    Hyslip & Taylor, LLC LPA
    1100 W. Cermak Rd., Suite B410
    Chicago, IL 60608
    Phone: 312-380-6110
    Fax: 312-361-3509
    Email: jeffrey@lifetimedebtsolutions.com
    One of Plaintiff's Attorneys


Date: September 8, 2014